**IT IS ORDERED as set forth below:**



**Date: June 24, 2021**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| In re: | CASE NUMBER |
| **DAVID JAMES COVALL**, | **20-71168-PMB** |
| Debtor. | CHAPTER 13 |
| | |
| **DAVID JAMES COVALL**, | |
| Movant, | |
| v. | CONTESTED MATTER |
| **ROSLYN BROWN**, | |
| Respondent. | |

**ORDER SUSTAINING OBJECTION TO
PROOF OF CLAIM OF ROSLYN BROWN (Claim No. 9)**

This matter comes before the Court on an *Objection to Claim of Roslyn Brown, Claim No. 9* (Docket No. 58)(the "Objection"), filed by the above-named debtor (the "Debtor") on February 1, 2021. In response, on February 14, 2021, Respondent Roslyn Brown ("Ms. Brown") filed a

*Response to Objection to Claim of Roslyn Brown* (Docket No. 76)(the "Response"). On March 2, 2021, the Court entered an *Order and Notice Scheduling WebEx Evidentiary Hearing* (Docket No. 88) setting an evidentiary hearing on the Objection and Response for June 2, 2021, commencing at 9:30 a.m. (the "Hearing").

The Debtor, counsel for the Debtor, Ms. Brown, Stephanie Covall ("Ms. Covall"), counsel for Ms. Brown and Ms. Covall, and counsel for the Chapter 13 Trustee appeared at the Hearing. At issue at the Hearing was whether a transfer of $50,000.00 (the "Transferred Funds") by Ms. Brown to a joint bank account owned by the Debtor and Ms. Covall on March 18, 2019 (the "Transfer") should be characterized as loan, as asserted in proof of claim number 9 filed in this case ("Claim No. 9"), or as a gift to one or both of the Debtor and Ms. Covall. At the Hearing, the Debtor argued that the Transferred Funds were a gift, and thus that Ms. Brown was not entitled to file a claim in this case. Conversely, Ms. Brown asserted that the Transferred Funds were an unsecured loan to the Debtor, thus entitling Ms. Brown to file a claim in this case. It is undisputed that there were no documents drafted or signed at any time to memorialize or characterize the Transfer,[1] and that Ms. Brown is Ms. Covall's mother.

The Debtor, Ms. Brown, and Ms. Covall testified at the Hearing. The Debtor testified that at the time of the Transfer he and Ms. Covall were married[2] and were experiencing financial distress due to the time of year[3] and to substantial unusual family expenses. Because of this

---

[1] It is also undisputed (i) that in April of 2013 Ms. Brown made a loan of $100,000.00 to the Debtor for certain improvements to the home owned and occupied by the Debtor and Ms. Covall so that it could be refinanced, (ii) that the 2013 loan was not evidenced by any documents, and (iii) that the 2013 loan was repaid without interest in January of 2014.

[2] The Debtor and Ms. Covall were married at the time the Transfer was made. Divorce proceedings were commenced prior to the filing of this case, and the Debtor and Ms. Covall have entered into a final settlement of their divorce, which was approved by this Court. *See* Docket Nos. 132 & 152.

[3] The Debtor testified that in the early part of each calendar year his take home pay is less because of payroll taxes that eventually are fully satisfied for the year.

2

financial distress, according to the Debtor's testimony, the Transferred Funds were gifted to the Debtor and Ms. Covall, at the request of Ms. Covall, possibly as an advance on Ms. Covall's inheritance.[4] Conversely, Ms. Brown testified that the Transfer only occurred after the Debtor had privately repeatedly asked for a loan for the Debtor's business.  She also testified that she did not inform Ms. Covall of the Transfer until confronted about it by Ms. Covall.  Ms. Covall testified that she had no knowledge of the Transfer until June of 2019 and that—after Ms. Covall learned of the Transfer—she understood the Transferred Funds to be a loan from Ms. Brown to the Debtor.

A properly filed proof of claim constitutes prima facie evidence of the validity of the claim. Fed. R. Bankr. P. 3001(f).  The prima facie validity of a claim may be overcome by the introduction of evidence at least equal in probative force to that offered by the proof of claim.  *In re A & B Assocs., L.P.*, No. 17-40185-EJC, 2019 WL 1470892, at *33 (Bankr. S.D. Ga. Mar. 29, 2019)(*quoting In re Thornburg*, 596 B.R. 766, 770 (Bankr. M.D. Fla. 2018)).

Claim No. 9 was filed on January 1, 2021.  Claim No. 9 did not include any supporting documents or attachments—it simply asserted an unexplained claim for $50,000.00.  At the Hearing, the Debtor's exhibits A, B, C, D, E, F, G, H, I, J, K, and L and Ms. Brown's exhibit R1-1 were admitted into the record.  The Debtor, by testifying that the Transferred Funds were a gift and by submitting the aforementioned exhibits, has overcome the prima facie validity of Claim No. 9.

If an objecting party overcomes the prima facie validity of a claim, "the burden of proof falls to the party that would bear the burden outside of bankruptcy." *In re Walston*, 606 F. App'x 543, 546 (11th Cir. 2015).  Absent clear non-bankruptcy law to establish the burden of proof, the burden will shift to the claimant to prove the validity of its claim by a preponderance of the

---

[4] The Debtor testified that Ms. Covall spoke to her mother and arranged the Transfer without his participation, other than to provide the transfer instructions to Ms. Brown.

evidence. *In re Beaulieu Grp., LLC*, 616 B.R. 857, 863 (Bankr. N.D. Ga. 2020). A claim may be disallowed if either the claimant has failed to prove the validity of the disputed claim by a preponderance of the evidence or if the claimant has failed to carry their non-bankruptcy burden of proof.

Ms. Brown has failed to prove the validity of Claim No. 9 by a preponderance of the evidence. It is at least equally plausible from the evidence in the record that the Transferred Funds were intended as a gift as it is that the Transfer was a loan. The Court found the Debtor's testimony about the genesis of the Transfer to be reasonably credible. His explanation was bolstered by the documents, which showed that the Transferred Funds were not subsequently transferred to the Debtor's business, but were consumed by family spending.[5] Conversely, the Court did not find credible the assertions by Ms. Covall and Ms. Brown that the Transfer was a loan by Ms. Brown solely to the Debtor, her son-in-law with whom according to her own testimony she almost never spoke, that Ms. Brown, for no apparent reason, kept a secret from her daughter, to whom she spoke multiple times per day during the relevant period.[6] With it being, at best, equally likely that the Transferred Funds were a gift as they were a loan, Ms. Brown has not established the validity of Claim No. 9 by a preponderance of the evidence. Because Ms. Brown is unable to prove the validity of Claim No. 9 by a preponderance of the evidence, Claim No. 9 should be disallowed in its entirety.

Further, under applicable Georgia law a transfer of personal property is presumed to be a gift when the transfer is from a parent to their child.

---

[5] In fact, the Debtor's business contributed additional funds during this period to support the family.

[6] Ms. Brown also complained that the Debtor "harassed" her to make the purported loan over a period of time, yet claimed that she never mentioned the loan or the purported harassment by her son-in-law to her daughter, with whom she spoke often. This also did not seem credible.

4

> The delivery of personal property by a parent into the exclusive possession of a child living separate from the parent creates a presumption of a gift to the child. This presumption may be rebutted by evidence of an actual contract of lending or by circumstances from which such a contract may be inferred.
>
> O.C.G.A. § 44-5-84

The term "exclusive possession" is not defined in the statute. However, relevant Georgia caselaw suggests that "exclusive possession" means that the child has taken possession of the transferred property free from the continued dominion of the transferor-parent. *Moore v. Segars*, 14 S.E.2d 752, 756 (Ga. 1941)(deciding that the presumption of a gift can be overcome by evidence of a parent's continued dominion over transferred land).

It is undisputed that the Transferred Funds were sent to a joint bank account owned by the Debtor and Ms. Covall. There is no suggestion that Ms. Brown retained any control over the Transferred Funds after the Transfer. The Court therefore finds that Ms. Covall had "exclusive possession" of the Transferred Funds as contemplated by O.C.G.A. § 44-5-84, triggering the parent-child gift presumption.

The parent-child gift presumption may be rebutted "by evidence of an actual contract of lending or by circumstances from which such a contract may be inferred." O.C.G.A. § 44-5-84. It is undisputed that a contract was not drafted to memorialize the Transfer. The Court does not find there exists evidence on the record which would support the inference of a contract. Without evidence of a contract or circumstances from which a contract may be inferred, the parent-child gift presumption is not overcome and, under applicable non-bankruptcy law, the Transferred Funds should be characterized as a gift. Because Ms. Brown is unable to rebut the parent-child gift presumption, Claim No. 9 should be disallowed in its entirety.

Ms. Brown—having failed to prove the validity of Claim No. 9 by a preponderance of the evidence and having failed to overcome the non-bankruptcy parent-child gift presumption, either

5

of which would preclude allowance of Claim No. 9—is unable to establish that the Transferred Funds were a loan to the Debtor. Clearly a gift is not a "claim" which would entitle a person to file a proof of claim. *See generally* 11 U.S.C. § 101(5). Consequently, Claim No. 9 should be disallowed in its entirety.

In light of the presentations made and evidence admitted at the Hearing, and upon a review of the Objection, the Response, and the record in this case, for the reasons set forth above, it is

**ORDERED** that the Objection is **SUSTAINED**, such that Claim No. 9 is **DISALLOWED IN ITS ENTIRETY**.

The Clerk is directed to serve a copy of this Order upon the Debtor, counsel for the Debtor, Ms. Brown, counsel for Ms. Brown, Ms. Covall, the Chapter 13 Trustee, and the United States Trustee.

**[END OF DOCUMENT]**