**IT IS ORDERED as set forth below:**



Date: August 24, 2021

_____
**Paul Baisier**
**U.S. Bankruptcy Court Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| In re: | CASE NUMBER |
| **DAVID JAMES COVALL**, | **20-71168-PMB** |
| Debtor. | CHAPTER 13 |
| **DAVID JAMES COVALL**, | |
| Movant, | |
| v. | CONTESTED MATTER |
| **ROSLYN BROWN**, | |
| Respondent. | |

### ORDER DENYING ROSLYN BROWN'S MOTION FOR RELIEF
### FROM JUDGMENT AND DEBTOR'S MOTION FOR SANCTIONS

This matter comes before the Court on the *Motion for Relief from Order Sustaining Objection to Proof of Claim of Roslyn Brown (Claim No. 9)*, filed by Roslyn Brown ("Ms. Brown") on August 12, 2021 (Docket No. 227)(the "Motion").  In the Motion, Ms. Brown seeks relief under

Federal Rule of Civil Procedure 60(b)(3) ("Rule 60(b)(3)"), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9024, from this Court's *Order Sustaining Objection to Proof of Claim of Roslyn Brown (Claim No. 9)*, entered by this Court on June 24, 2021 (Docket No. 210)(the "Claim Order"), in which the Court disallowed Ms. Brown's claim. Ms. Brown seeks this relief based on her alleged recent discovery of a copy of an e-mail from the Debtor to her that purportedly shows that the amounts advanced by her were a loan and not a gift. Ms. Brown set her Motion for hearing on September 30, 2021 (Docket No. 236) pursuant to the Court's Open Calendar Procedures.

In response to the Motion and the chosen hearing date, the Debtor filed *Debtor's Opposition To Motion For Relief From Order Sustaining Objection To Proof Of Claim Of Roslyn Brown (Claim No. 9) And Request For Order Imposing Sanctions Against Brown In The Form Of Attorney's Fees And Costs* (Docket No. 233)(the "Response") and *Debtor's Motion For Order Shortening Notice And For Expedited Hearing On Motion For Relief From Order Sustaining Objection To Proof Of Claim Of Roslyn Brown (Claim No. 9) And Debtor's Opposition To Motion For Relief From Order Sustaining Objection To Proof Of Claim Of Roslyn Brown (Claim No. 9) And Request For Order Imposing Sanctions Against Brown In The Form Of Attorney's Fees And Costs* (Docket No. 234)(the "Request for Expedited Hearing") on August 15, 2021.

The Court set the Request for Expedited Hearing for a video hearing on August 18, 2021 at 2:00 p.m. (the "First Hearing"). Counsel for the Debtor, counsel for Ms. Brown, and counsel for the Chapter 13 Trustee appeared at the First Hearing. At the First Hearing, the Debtor asserted that there were numerous logistical reasons related to this Chapter 13 case why it would be more efficient if the Motion were heard prior to the confirmation hearing in this case (which was scheduled for August 19, 2021). The parties ultimately agreed that there was no reason that the

2

Motion could not be heard the next day, August 19, 2021, in connection with the previously scheduled confirmation hearing. The Court thus orally granted the Request for Expedited Hearing and set a hearing by video on the Motion for 1:30 p.m. on August 19, 2021 (the "Second Hearing"). The Court also rescheduled confirmation and another motion in the case that was to be heard in the morning of August 19, 2021, to the Second Hearing,[1] so that all matters in the case could be heard together.

The Debtor, counsel for the Debtor, Ms. Brown, counsel for Ms. Brown and counsel for the Chapter 13 Trustee appeared at the Second Hearing. At the Second Hearing, Ms. Brown presented through counsel an e-mail that she allegedly discovered after the Court entered the Claim Order. The first sentence of the e-mail, sent by the Debtor to Ms. Brown on March 13, 2019, states "Thanks again Roslyn for this loan." Docket No. 227, Ex. A. Ms. Brown claims this sentence demonstrates that Debtor fraudulently mischaracterized the related transfer by her as a gift when he testified at the evidentiary hearing on the original *Objection to Claim of Roslyn Brown, Claim No. 9* (Docket No. 58), held on June 2, 2021 at 9:30 a.m. (the "Evidentiary Hearing").

In response, the Debtor argues that Ms. Brown has not established misrepresentation or any other form of misconduct under Rule 60(b)(3). The Debtor notes that Ms. Brown had possession of this document prior to the Evidentiary Hearing, as she asserts in the Motion that she discovered the e-mail after the entry of the Claim Order while cleaning out her house as she prepared to move. Additionally, in the four (4) months leading up to the Evidentiary Hearing, Ms. Brown never served any form of discovery request upon the Debtor, which might have produced this same document.

---

[1] Confirmation in this case was previously scheduled for 9:45 a.m. on August 19, 2021, and the other matter, a motion by the Chapter 13 trustee to approve a settlement, was scheduled for hearing at 10:15 a.m.

3

The Debtor also argues that the existence of this e-mail supports, rather than contradicts, the Debtor's testimony.  At the Evidentiary Hearing, the Debtor testified that on March 13, 2019, he sent Ms. Brown a copy of an e-mail that he sent to her previously in 2013 in connection with a prior transaction with her that was admittedly a loan, in order to provide her with the lengthy wiring instructions needed to transfer the funds.  In fact, in connection with the Evidentiary Hearing, the parties stipulated that this e-mail was sent by the Debtor to Ms. Brown, even though at the time there were no documents in evidence memorializing that communication.  *See* Docket No. 202.  Based on these arguments, the Debtor requests that this Court deny the Motion.

Rule 60(b)(3) provides in pertinent part that "the court may relieve a party . . . from a final judgment, order, or proceeding for . . . fraud, misrepresentation, or misconduct by an opposing party."  Fed. R. Civ. P. 60(b)(3).  To satisfy the standard under Rule 60(b)(3), the movant must "prove by clear and convincing evidence that an adverse party has obtained the verdict through fraud, misrepresentation, or other misconduct."  Additionally, a movant must show that the opposing party's conduct prevented the movant from fully and fairly presenting her case or defense."  *Cox Nuclear Pharmacy, Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007)(*quoting Frederick v. Kirby Tankships, Inc.,* 205 F.3d 1277, 1287 (11th Cir. 2000)).

This case is remarkably similar to, if not controlled by, *Cox*.  In *Cox*, the 11th Circuit held that a later discovered e-mail exchanged between the parties did not establish that the appellee was entitled to relief under Rule 60(b)(3) because the movant was in possession of the e-mail from the time it was originally sent.  The Court said specifically that "[the purportedly inconsistent e-mail] cannot be the basis for relief under Rule 60(b)(3) for the obvious reason that, as a party to the communication, Cox has been in possession of this e-mail from the time it was sent, and does not claim otherwise."  *Cox*, at 1314-15 (emphasis added).

4

Ms. Brown did not establish, as required by *Cox*, that the Debtor prevented her from fully and fairly presenting her case, because Ms. Brown was in possession of the e-mail throughout the entire process of this dispute, including the four (4) months of discovery. Ms. Brown did not present any evidence that the Debtor fraudulently withheld this e-mail or somehow prevented Ms. Brown from finding this e-mail in her own home. In fact, the Debtor served requests for the production of documents on Ms. Brown requesting documents of the type at issue, *see* Docket No. 104, and Ms. Brown did not include the e-mail at issue in her response.

Additionally, Ms. Brown's reliance on this e-mail as the basis for her Motion is unpersuasive because, similar to *Cox*, the e-mail does not contradict any evidence or testimony presented during the Evidentiary Hearing. *See Cox,* at 1315 (denying a Rule 60(b)(3) motion where inclusion of the documents at issue would not have changed the outcome of the litigation). Given that the newly discovered e-mail is not inconsistent with the stipulated evidence and the Debtor's testimony at the Evidentiary Hearing[2] and was not fraudulently withheld from Ms. Brown, Ms. Brown is unable to prove by clear and convincing evidence that the Debtor prevented her from fully and fairly presenting her case.

In addition to opposing the Motion, the Debtor in his Response sought the imposition of attorney's fees and costs incurred by the Debtor in preparing and prosecuting the Response. The Debtor's counsel conceded at the Second Hearing that the Debtor is not entitled to sanctions under Federal Rule of Bankruptcy Procedure 9011,[3] but asked that the Court sanction Ms. Brown and her counsel pursuant to its inherent authority under Judge Drake's opinion in *In re Goolsby*, Case

---

[2] At the Evidentiary Hearing it was undisputed that in April of 2013 Ms. Brown made a loan of $100,000.00 to the Debtor for certain improvements to the home owned and occupied by the Debtor and Ms. Covall, Debtor's ex-wife, so that it could be refinanced. Consequently, it is unsurprising, and consistent with his 2019 testimony, that when Mr. Covall "copied" the e-mail for its lengthy wiring instructions in 2019, it included a sentence about a loan.

[3] Among other things, the Debtor gave Ms. Brown twenty four (24) hours, rather than twenty one (21) days, to withdraw the Motion.

5

No. 14-12461 (Bankr. N.D. Ga. May 26, 2007), which holds that the Court has the inherent "power to assess attorneys' fees against a party or counsel that has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.*, at 6.  For the reasons set forth on the record at the Second Hearing, the Court does not find the Debtor's request for sanctions satisfies the requirements set forth in *Goolsby*, and as such the Debtor's request is denied.

In light of the presentations made and evidence admitted at the Second Hearing, and upon a review of the Motion, the Response, and the record in this case, for the reasons set forth above and at the Second Hearing, it is

**ORDERED** that the Motion is **DENIED**; and it is further

**ORDERED** that the request for sanctions included in the Response is also **DENIED.**

The Clerk is directed to serve a copy of this Order upon the Debtor, counsel for the Debtor, Ms. Brown, counsel for Ms. Brown, and the Chapter 13 Trustee.

**[END OF DOCUMENT]**